CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOSEPH WAYNE KETCHUM, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00264 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VA DEPARTMENT OF CORRECTIONS,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph Wayne Ketchum, Jr., Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, against the Virginia Department of Corrections (VDOC), requesting monetary damages and that he be transferred from Haysi Regional Jail to a VDOC facility.[1] Upon review, I conclude that the Complaint must be dismissed without prejudice for failure to state a claim on which relief may be granted.

Under 28 U.S.C. § 1915(e), the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21

[1] According to a notice of change of address, Ketchum is no longer housed at Haysi Regional Jail and has been transferred to Southwest Virginia Regional Jail in Abingdon, Virginia. Notice, Dkt. No. 7. To the extent that he challenges conditions at Haysi Regional Jail specifically, his requested injunctive relief is rendered moot by the transfer. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (determining that a facility transfer rendered moot claims for injunctive and declaratory relief).

(1972). But even under this less stringent standard, pro se claims are subject to sua sponte dismissal "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth sufficient factual allegations against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

First, Ketchum has named the VDOC as a defendant, but the VDOC does not qualify as a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983).

Even so, inmates have no constitutional right to be transferred from a local jail to a state prison, particularly considering the deference given to prison officials in transferring prisoners between different facilities. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Ketchum thus has failed to state a claim on which relief may be granted, and his Complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Judgment will be entered.

ENTER: October 30, 2026

/s/ JAMES P. JONES
Senior United States District Judge